

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RONALD BROWN,<br><br>                      Petitioner,<br>v.<br><br>UNKNOWN,<br><br>                      Respondent. | Civil No.   15-1513 BEN (KSC)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |
|---|---|

    Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has not paid the $5.00 filing fee nor has he filed a motion to proceed *in forma pauperis*.

    The Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

All three of these criteria are satisfied here. Petitioner is in custody in George Bailey Detention Facility, the county jail, and the Petition indicates his criminal case is currently ongoing in San Diego Superior Court. (*See* Pet. at 1-11.) Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has not shown he has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner's complaints about counsel are the just type of claims that the state courts provide an opportunity to raise on direct appeal; abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.").

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED: July 3, 2015

HON. ROGER T. BENITEZ
United States District Judge